1831.

Dias
v.
Merle.

---

### Dias *vs.* Merle and others.

Where a party was directed to deposit certain books in the master's office, with liberty to the adverse party to inspect and take extracts from such parts as related to certain partnership transactions, and in obedience to the order the books were deposited in the master's office, with the parts thereof which did not relate to the partnership transactions sealed up, and during a temporary absence of the master the adverse party, who was inspecting the books, broke open the parts which were so sealed up, and which contained the private memoranda and remarks of the party who deposited the books, in relation to his private business transactions, *it was held*, that this act of the adverse party was a contempt of the court.

It is the ordinary practice of the court, when books are directed to be produced for the inspection of the opposite party, to permit those parts to be sealed up which do not relate to the subject matter of litigation; and courts of record have uniformly protected suitors against an unwarrantable interference of the adverse party with rights of this description, by proceeding against the offender as for a contempt.

July 19th.

THIS was an application to punish the complainant as for a contempt, committed by him in the master's office; and also to obtain a special order to protect the rights of the defendant in future. Both parties were directed to deposit certain books, in the possession, with a master; with liberty the adverse parties to inspect and take extracts from such parts thereof as related to partnership trans-

actions. Certain books of the defendant Merle were deposited with the master, with particular parts thereof, which did not relate to the matters in which Dias was interested, sealed up in the usual form. During a temporary absence of the master from the office, the complainant, who was inspecting the books deposited, broke open those parts which were sealed up, and which contained the private memorandums and remarks of the defendant Merle, in relation to his private business transactions.

*Murray Hoffman*, for complainant.

*Julius Rhoades*, for the defendant Merle.

THE CHANCELLOR. There can be no doubt that the misconduct of the complainant in breaking open the parts of the books which were sealed up in the master's office, was, at common law, punishable as a contempt. (Burrow's case, 8 Ves. 535, *Bateman v. Conway*, 5 Bro. P. C. 84.) Upon my first examination of the revised statutes, I was inclined to think that the section which defines criminal contempts, (2 R. S. 278, § 10.) had deprived the court of the power of punishing the improper conduct complained of here. But on further examination, I am satisfied this case is provided for, in the second and eighth subdivisions of the first section of the title relative to " proceedings as for contempts, to enforce civil remedies, and to protect the rights of parties in civil actions." (2 R. S. 534.) It was an abuse of the proceedings of the court ; it was also a case in which the rights of the adverse party were materially involved. While the course of judicial investigation frequently requires a party to produce parts of his books in which the adverse party has an interest, for the inspection of the latter, it may frequently be of great importance to the former that his accounts and transactions with other persons should not be exposed to the examination of strangers, and particularly of an enraged adversary. Where his books are subjected to inspection, it is the uniform practice of the court to permit a party to seal up those parts which do not relate to the subject of litigation.

1831.

Dias
v.
Merle.

(*Gerard* v. *Penswick*, 1 Wils. Ch. R. 222. *Cambell* v. *French*, 1 Cox's Ca. 288.) And it has been the practice of courts of record to protect suitors against any unwarrantable interference by the adverse party with rights of this description, by proceeding against the offender as for a contempt.

Although the complainant might not have been aware that he was subjecting himself to punishment, as for a contempt of the court, by secretely breaking open and examining these private entries of the defendant, there can be no doubt that he knew he was doing wrong. The fact that he had brought in his own books with a part thereof sealed up under oath, in the same manner, and that he took advantage of the temporary absence of the master to effect an improper purpose, are strong circumstances against him. Besides, in consequence of a former complaint against him for making marks, &c. on the books, the order had in terms directed that he should only have the right to examine the books in the presence of the master, even as to those facts in which he was interested.

As this is a case in which the defendant has been put to expense for counsel fees, &c. beyond the amount of the taxable costs in consequence of this unjustifiable act of the complainant, an attachment must issue against him, unless he does within ten days after service of a copy of the taxed bill pay to the defendant Merle, or to his solicitor, his costs on this application, together with reasonable counsel fees as between counsel and client, to be settled and taxed with such costs by the vice chancellor of the first circuit. And to guard against any further abuse of the privilege, the complainant is not to be permitted to examine any part of the books, except in the presence of his own counsel and the master, during office hours ; and he must allow and pay to the master, the usual fee for attending on a reference, for each day the master is compelled to attend personally on such examination. The parts of the books which have been unsealed must be sealed up again by the master, and the complainant must be prohibited from disclosing what is contained therein, to any person, and from using any information or extracts obtained there-

from, in any way, without the written permission of the de-
fendant Merle, or the special leave of this court, upon pain
of contempt.