## Bowne and others *vs.* Cribb.

On application for a *discovery* of books, papers and documents relating to the merits of a suit or of a defence therein, the court exercise a discretion whether they will interfere or send the party to chancery. Where the discovery sought relates to remote and complicated transactions extending through a long period of time, no order will be made in respect thereto ; but if there be documents of a recent date they will be directed to be produced.

Motion for a discovery. The action is ejectment for the recovery of a portion of a large tract of land originally sold by Robert Bowne, the ancestor of the plaintiffs, to Thomas R. Gold, who executed the mortgage to secure the consideration money. Gold sold to one *Marvel Ellis* subject to the mortgage. It was alleged by the defendant that by an agreement between Robert Bowne and Ellis, the mortgage executed by Gold was foreclosed in chancery, and the equity of redemption of Gold and all persons claiming under him, bought in by the mortgagee ; that it was, however, agreed that Ellis, notwithstanding the foreclosure, might continue to make sales of the land, and turn over the con-

Bowne *v.* Cribb.

tracts to Robert Bowne, and if sales should be effected to an amount sufficient to extinguish the debt originally due from Gold, then that Bowne or his heirs should convey to Ellis whatever of the tract remained unsold. It was now alleged that Robert Bowne and his heirs had, from the sales of the tract, realized an amount more than sufficient to pay and satisfy the debt, &c. The defendant, who holds under title derived from Marvel Ellis, asked for a discovery.

*B. F. Cooper*, for the motion.

*M. T. Reynolds*, contra.

*By the Court*, NELSON, Ch. J.   This application is founded upon the idea, that if the defendant can establish, on the trial, the *payment* of the sum due upon the Gold mortgage, as fixed in the contract on the 10th January, 1799, he will thereby extinguish the claim of the plaintiffs to the premises in question—contending that their ancestor is to be regarded only as a mortgagee. Whether the case will ultimately turn upon this view at the trial, is quite uncertain, from the papers before me ; but if the question may arise and become material, it is enough to authorize a discovery under the statute, 2 *R. S.* 199, provided a proper foundation is laid.

The sales of the tract (the monies arising from which it is alleged were to be applied upon the mortgage) cover a period of some thirty or more years, and we are asked to require the books, contracts, correspondence, &c., embracing the agency for this time, to be delivered for inspection, and copies to be taken by the counsel for defendant, or that sworn copies be delivered by the plaintiffs. It is most obvious that the investigation of these complicated and remote transactions, involving the management and sale of some nine thousand acres of land, extending through this period of time, is a very unfit subject for a circuit court, if not entirely beyond its power to hear and judiciously dispose of. The statute is not imperative ; we are only

to exercise the authority for enforcing a discovery " in such cases as shall be deemed proper." § 21. I am satisfied that if the question contemplated by this application is ever reached in the course of the litigation, the only practicable remedy for the defendant will be found in a resort to a court of equity. There the mortgagee may be called to an account, and the sums received or lots appropriated to his own use or for his benefit, valued; and the whole subject deliberately examined and settled. The circuits ought not to be thus encumbered, and the ordinary business interrupted. We should therefore be justified in refusing the application for the above considerations.

It appears, however, from the affidavit of the agent (Mr. Seymour) confirmed by that of the Messrs. Bowne, that, in 1835, and before this litigation commenced, Mr. Seymour rendered an authentic account of moneys received on sales, and outstanding on contract, at the request, and for the executors of the elder Bowne. This statement may, possibly, aid the defendant, if not answer the purpose for which the discovery is sought. Beyond this I cannot extend it. The correspondence sought for is sufficiently denied in the affidavit of the Messrs. Bowne.