The Chancellor.
In the case of Livingston v. Livingston, (4 Paige's Rep. 111,) this court decided that exceptions to an answer for impertinence merely, or for scandal and impertinence, were not sufficient to prevent the dissolution of an injunction, where the bill was fully answered. And I can see no good reason for applying a different rule to the case of a bill of discovery, in aid of a defence at law. It is true, the answer must be used together, as an entirety, if it is read as evidence in the action at law, before the exceptions are disposed of and the impertinent matter, if any, has been expunged. But the complain *619 ant, in a bill of discovery, is not entitled to call for the discovery of a mere insulated fact, in aid of his defence, and to deprive bds adversary of the benefit of a full answer, showing that in reality no valid defence to the action at law exists.
The complainant, therefore, must state in his bill the nature and substance of his defence to the action at law. And nothing contained in the answer can be deemed impertinent which tends to disprove the existence of such a defence as is stated in the bill of discovery. The complainant therefore must show that some actual injustice or injury will result to him, from impertinent matter inserted in the answer to his bill of discovery, to entitle him to retain the injunction until his exceptions to the answer have been disposed of by this court.
It is difficult to ascertain from the bill, in this case, what is the precise nature of the defence which the complainants expect to establish by the particular discovery called for by the bill; upon the necessity of which discovery their claim to an injunction was based. I think, therefore, that an injunction should not have been granted upon this bill, originally. The refusal to dissolve it, after a full answer, and when no technical rule of the court required its continuance until these exceptions for impertinence were disposed of, was of course erroneous. The order appealed from must, for these reasons, be reversed, with costs; and the injunction must be dissolved.