## SUPREME COURT.

### BREVOORT agt. WARNER.

Under what circumstances, and to what extent, and in what manner the court will require the discovery, production, and inspection, &c., of books, papers and documents.

The principles and practice of courts of equity on the subject still prevail, except where expressly abrogated by statute.

Costs of motion (when made to the court) may be given, if a request to inspect, &c., is unreasonably refused. The expense of copies should be paid by the party requiring them.

*At Chambers, September,* 1853. This was an action " on book account," for goods, wares and merchandize sold and delivered to defendant by C. & H. H., the assignors of the plaintiff.

The defendant was under an order to deliver a bill of particulars of his set off. He moved, at chambers, on a petition, that plaintiff be ordered to produce and discover to defendant the day books, journals, ledgers, lumber book, memorandum books and receipts of C. & H. H., and deliver sworn copies thereof, or so much as contains the account of defendant, to defendant or his attorney; and that defendant, his attorney, and agents, &c., may be at liberty to inspect and peruse the same, at all reasonable times, and to take copies or extracts therefrom from time to time, as he may be advised is material or necessary to comply with the order, and is material and necessary to the defense of defendant, upon the trial, so as to enable the defendant to use the same on the trial, and in such manner and time and under such restrictions as the court shall prescribe and direct, and for such other order and for costs. The petition stated that the defendant had no copy and could not give dates or items or comply with the order without such inspection, &c. The plaintiff admitted assignment, possession and control of part of the books; and stated that the defendant had already examined what he had, and he verily believed had taken duplicates.

R. S. HALE, *for Defendant.*

S. C. DWYER, *for Plaintiff.*

HAND, Justice.—It has been decided that the Code has not repealed the Revised Statutes in relation to the production and discovery of books, &c. Stanton agt. Del. M. Ins. Co., (2 *Sandf. S C. R.*, 662;) Moore agt. Pentz, (*Idem* 664;) Gelton agt. Marshall, (6 *How. Pr. R.* 398; 3 *Idem* 353; 5 *Idem* 451; 8 *Idem* 89.) It is provided therein, that this court, in such cases as shall be "deemed proper," may compel a party to a suit pending therein, to produce and discover books, papers and documents in his possession or power, relating to the merits of any such suit or of any defence therein. And the court, in their rules on the subject is required to prescribe the cases in which discovery may be compelled, and the proceedings for that purpose, and in so doing are to be governed by the principles and practice of the Court of Chancery in compelling discovery. (2 *R. S.* 199, §§ 21, 22.) And by the Code a party may, in the discretion of the court or a judge, have an inspection and copy, or permission to take a copy, of books, papers and documents in the possession or under the control of his adversary, containing the evidence relating to the merits of the action or to the defence. · (§ 388.) But no action to obtain discovery under oath in aid of the prosecution or defence of another action, is now allowed; nor can a party be examined in behalf of the adverse party, except as prescribed in section 389 to 397 inclusive. (§ 389.)

Those sections are rather obscure; but they allow an examination of a party "as a witness," and subject to the same rules of examination, and at or before the trial. It seems to have been a question whether this examination can be before issue. Miller agt. Mather, (5 *How. Pr. R.* 160;) EDMONDS, J. Chichester agt. Livingston, (3 *Sandf. S. C. R.* 718;) CAMPBELL, J. I am inclined to think he may be examined both before and after, whenever it is shown the ends of justice require it.

Section 388 extends only to inspection, (which implies production,) and a copy; and not to discovery. The act 14 or 15

Brevoort agt. Warner.

Vict. c. 99, § 6, gives power to the courts of common law, &c., to compel a party to allow his opponent to "inspect all documents" in his custody or control relating to the action, and "if necessary to take examined copies of the same," &c., in all cases .in which, previous to the act, "a discovery might have been obtained by filing a bill or by any other proceeding in a Court of Equity." And it was held that the courts of common law had no power to compel a *discovery*. Hunt agt. Hewitt, (7 *Exchr.* 236.) The English statute is at least as comprehensive as section 388. But the language of the Revised Statutes—"produce and discover,"—is apparently broad enough; but the proceeding, particularly as prescribed by the rules of the court, does not warrant a general discovery. And there is nothing in Townsend agt. Lawrence, (7 *Wend.* 458,) opposed to this view. It was not intended that the proceeding should be a substitute for a bill of discovery in aid of a party in a suit at law, which was then allowed. Bowne agt. Cribb, (20 *Wend.* 682.)

The party can now be examined in the same suit. And although it is provided that he shall be subject to the same rules of examination as other witnesses, I have no doubt the old rules in relation to discovery apply, and I think, a mere discovery, properly so called, as to books, papers and documents, should be in no other way than on examination of the party. "There is a mighty difference between simply producing an instrument, and producing it in answer to a bill of discovery, where the defendant has an opportunity of accompanying the production with a statement of every thing which is necessary to protect him from consequences." Lord Eldon in Princess of Wales agt Earl of Liverpool, (1 *Swanst,* 120.) This proposition is self evident. It is considered irregular to permit an adversary to call for an isolated fact. William agt. Harden, (1 *Barb. Ch. R.* 298;) Jewett agt. Belden, (11 *Paige,* 618.) There is no provision making the affidavit of the opposing party, on a motion to compel discovery under the Revised Statutes, or the discovery itself, evidence for him.

The proceeding is only adapted to the production of specified documents, &c.

Under the former equity system, by a bill of discovery a full discovery could have been required. And the court, it was said, might compel a disclosure of what the party had said respecting his case; and could even wring his conscience to disclose his belief—all he knows, believes and thinks, respecting his own case. Ld. Brougham in Bolton agt. Corp. of Liverpool, (1 *My.* & *K.* 88,) and in Greenough agt. Gaskell, (*idem* 103.) But this inquisitorial power was always exercised according to certain rules for the protection of the party, as well as for the prosecution of truth, justice and right, and the party calling for the disclosure had first to make out a case on his part, and would not be indulged in a random, fishing inquiry. Lane agt. Stebbins, (9 *Paige,* 622,) Deas agt. Harvie, (2 *Barb. C. R.,* 448,) Niewey agt. O'Hara, (1 *Barb.* 484.) And if he asked for the production and inspection of papers, &c., it must have been upon the admission in answer sufficiently describing them, and admitting the defendant had the sole possession and control; (1 *Barb. Ch. Pr.* 229,) Reynell agt. Sprye, (8 *Eng. L. and E. R.,* 35,) Watson agt. Renwick, (4 *J. C. R.* 383 ; 3 *Dan. Ch. Pr.* 2041,) Eager agt. Wiswell, (2 *Paige,* 359,) Hambrook agt. Smith, (9 *Eng. L.* & *E. R.,* 226,) and not by a motion upon affidavits. *Id.* Barnett agt. Noble, (1 *J.* & *W.,* 227.) The papers sought, as a general rule, must have been relevant to the case of the party calling for them, to support his own title, and he must have had an interest in them, and they must not have been privileged. Newkirk agt. Willett, (2 *J. Ca.* 413,) Deas agt. Harvie, (*supra,*) Lane agt. Stebbens, (*supra,*) Dias agt. Merle, (2 *Paige,* 494,) Van Kleeck agt. Ref. Dutch Church, (6 *Paige,* 600, *S. C.* 20 *Wend.* 457,) Bolton agt. Corp. of Liverpool, (*supra,*) Hunt agt. Hewitt, (*supra,*) Combe agt. Mayor, &c., London, (1 *Y.* & *C., C. C.,* 631,) Llewellin agt. Badely, (1 *Hare,* 527,) Greenlaw agt. King, ( 1 *Beav.* 137,) Nias agt. North & E. R. Co., (3 *My. and Cr.* 355,) Adams agt. Fisher, (*Id.* 526.) And see Goodale agt. Little, (1 *Sim. A. S.,* 163,) Whitbread agt. Gurney, (1 *Y.* & *C.* 541,) Beres-

ford agt. Driver, (7 *Eng. L. & E.* 25,) Pritchett agt. Smart, (7 *C. B.* 625,) Goodliff agt. Fuller, (14 *M. & W.*, 41; 1 *Hoff. Ch. Pr.* 310; 2 *Barb. Ch. Pr.* 510; 3 *Dan. Ch. Pr.*, chap. *XLI.;* 2 *Fonb.* 489; 1 *Phil. Evi.* 437–8; *Stor. Eq. Pl.* § 858.) Upon whatever statute the power to compel a discovery now rests, the same principles that governed its exercise before, remain in full force, and should prevail, except where there has been a change by express legislation. It has been decided that the former practice in rendering an account is not abrogated. Wiggins agt. Gaus, (4 *Sandf.* 646.) And if it had been, the remedy by examination, under the strict rule in relation to charging and discharging a party by his own oath, is sufficient.

From the notice of motion in this case, it might be supposed that the defendant claimed a right to inspect, at will, every part of these books, and at any and all times that might suit his convenience during the progress of the suit, and without showing any privity or interest, except that some of the entries would be evidence for him. If the plaintiff's assignor had been his agent, steward, receiver, trustee, broker, in England, at least, Smith agt. Winter, (3 *M. & W.* 309,) Pritchett agt. Smart, (*supra,*) or partner, and this suit had been in relation to the business of the agency, &c., he would be entitled to the production and inspection of all books, letters, papers, documents, &c., relating to the same. So, too, if it had appeared that there was an express or implied agreement between the parties that an account of the set off or credits of the defendant should be kept by C. & H. H., the assignors of the plaintiff, I think the defendant would have had a right to the inspection of that account. But neither at law or in equity has a party a right to make a general search and examination for evidence, among the private books and papers of his adversary; what ERLE, J., in Galsworthy agt. Norman, (9 *Eng. L. & E. R.* 327,) calls an "indefinite search." Such an order might lead to great abuses and be a judicial sanction to a dangerous, vexatious, and impertinent meddling with the private business and affairs of another. It was held under 14 or 15 Vict., that a party could not call upon his adversary to answer by affida-

Brevoort agt. Warner.

vit, whether he had any documents in his possession relating to the matters in question, and specify what they were; but only those respecting which his affidavits raise the presumption are in possession of his opponent. Rayner agt. Allhusen, (9 *Eng. L. and Eq. R.* 324.) Where the book, paper, or document is described, and the contents known, there can be no difficulty. The court can determine whether there shall be production and inspection, and to what extent, and in what manner. If the applicant has such interest that he has a right to the examination of the whole of the book, paper or document, the examination of it may be general. And so of a class of books, papers and documents; as the books kept by an agent of a party as such agent; or the correspondence between principal and agent, &c. In cases in which there is no such relation or privity, if the applicant cannot specify, it can not be necessary, safe or proper for the court to compel a general and unrestricted examination and inspection of the private books and papers of an adversary, and if the book is specified, if it contain private entries irrelevant to the applicant's case, the same objection applies to that extent. In Townsend agt. Lawrence, notwithstanding some general expressions in the opinion, it was admitted the principles and practice in chancery must control. And it seems the Superior Court of the city of New York entertain the same views. Hoyt agt. Am. Exchange Bank, (8 *How. Pr. R.,* 89,) and see Meachings agt. Cromwell, (1 *Sandf. S. C. R.* 698.)

In this case, the action is on book account, and it is not denied that the books in question contain entries of the credits or set off of the defendant; and that no other books or writings contain the same. I think the defendant is entitled to these entries. But until he shows more than he has on this motion, he cannot claim to inspect or have copies of the charges against him. A party has a right to know the case of his opponent, but not the evidence by which that case is to be supported. Llewellyn agt. Badely, (1 *Hare,* 527.) I do not refer to the production of papers which are charged to be forged, or false and fraudulent; or where there is a single instrument between

the parties; and perhaps there is some qualification where, upon examination of the opposite party, it appears that the instrument in question will negative his own case. *Id.* Combe agt. Corp. Lond. (1 *Y. & C.* 651,) Hardman agt. Ellames, (2 *My. & K.*, 745.)

The notice of motion asks for costs, but a judge at chambers can grant no costs of motion. When the right to the production and inspection is clear, and the request unreasonably refused, costs may be given, where the motion is made to the court. Townsend agt. Lawrence, (*supra,*) Deas agt. Harvie, (*supra.*) In England the costs of inspection must be paid by the party seeking it. Hill agt. Philip, (7 *Exch.* 232.) This is reasonable, unless the labor or expense is trifling. There must be an order that the plaintiff deliver to the defendant's attorney sworn copies of the entries of the credits of the defendant on the books in question, which he admits are in his possession or under his control, at the expense of the defendant; or if he prefers, he may permit the defendant to take copies thereof without charge.

Ordered accordingly.