Davis, P. J.
The order to perpetuate the testimony of a witness was made upon ah application by affidavit which complied with all the requirements of the statute. The motion to vacate the order was not made upon any alleged irregularity in granting it, but on the ground that it was improvidently granted,. and on an affidavit and order made in one of the cases at circuit denying motion to postpone the trial of the action, and on the pleadings in the said actions respectively. It is asserted by the counsel for the appellant *347 and substantially so stated by the managing clerk in the office of the appellant’s attorneys, that the appellant’s motion was denied at special term on the ground that the "court “ had no power to vacate an order made by another judge, the making of which rested in the discretion of such judge.” It does not, however, appear in the order appealed from, that the decision was placed upon such grounds ; but if that were the case, we should be at liberty to look into the merits of the motion on this appeal without sending it back for consideration on its merits by the court below.
The perpetuation of the testimony of any witness within this State by any party to a suit is a matter of right in cases when the facts required by the statute are shown to the proper court or officer, and the application appears to be made in good faith. In these cases it does appear by the papers now before the court, that the person whose testimony is sought to be perpetuated is the only living witness who can be called as such, of the execution of an instrunent which, if genuine, is of the gravest importance to the party averring its execution. The paper presented to the judge granting the order contained nothing tending to show bad faith on the part of the applicant, and, therefore, nothing upon which a denial of the order would have been proper. The respondent had the right, therefore, to guard herself against the contingency of the death or other disability named in the statute of that witness. To deny her this must be upon the assumption by the court, that the instrument sought to be proven and used, is a forgery, and that would be trying in advance an issue which should only be tried by a court and jury. It is asserted, and the papers certainly tend to show, that one object in making the application to take the testimony, of the witness in this form, was to avoid her personal production in court; but we must assume that that object *348 •will be easily defeated by compelling a prompt and speedy trial of the issues.
We see no reason for interfering with the order of the court below, and it must be affirmed with $10 costs besides disbursements.
Beaut and Daniels, JJ., concurred.
Ordered accordingly.