J. F. Daly, J.
[After stating facts.]—The application is made upon affidavit of defendants’ belief that plaintiff has kept and still keeps books in which are entries tending to show the amount of his receipts and charges, but cannot, of course, describe or indicate any particular book or books of which discovery should be had. It is, in fact, an inquisitorial examination of all the books, papers and documents that he seeks, in the hope that they contain evidence of the falsity of plaintiff’s averment in his complaint as to the extent and emoluments of his practice, and as such falls, I think, within the rules laid down to prevent a mere fishing examination (Brevoort v. Warner, 8 How. Pr. 321 ; Hoyt v. Am. Ex. Bk., 1 Duer, 652 ; Com. Bk. v. Durham, 13 How. Pr. 541; Davis v. Durham, Id. 425).*
The case before me differs from that in which the' defendant is allowed to inspect the sales books of the plaintiff to establish, in an action for infringement of *145 trademark, that no bona fide sales have been made by plaintiff (Union Paper Collar Co. v. Met. Collar Co., 3 Daly, 171), such fact being necessary to establish defendant’s case.
It is said that the right of a defendant to a discovery is limited to documents which form a part of his case (Wright v. Morry, 11 Exch. 209).
So the plaintiff is not to have a discovery as to the manner in which defendant’s case is to be established (Hunt v. Hewitt, 7 Exch. 336), and the rule is equally fair as to both parties ; in fact, it has been held that neither party is allowed a discovery to enable him to rebut an anticipated case of the other (2 Wait's Practice, 531d, and cases cited).*
The discovery here sought is unquestionably with a view to rebut the plaintiff’s anticipated case, and to, oppose his books to what is expected to be his oral testimony. But such a claim of right to discovery and inspection, if allowed, would extend this peculiar-remedy to almost every, case, and subject all parties, seeking redress for injuries to the person to the- same sort of visitation and inquisition they would be compelled to undergo if charged with defrauding the revenue.
The plaintiff, if he keeps books showing his gains and receipts from his practice, and refuses to produce them to support his own testimony on that point, subjects himself to certain presumptions against his claim which a jury would not be slow to- apply, and in this, respect the books of plaintiff are- better witnesses for-defendants out of court than in it.
But plaintiff resists an inspection of his books-upon, a ground that I deem fatal to the application, if no other considerations were presented, viz:, that they *146 contain, as part of Ms records, information derived from his patients, which is of a privileged character (2 R. S. 406, § 73, Edm. Ed. 422 [6th ed.], vol. 3, p. 611, § 119).
Application denied, with $10 costs. '

 For later cases applying this rule, see Campbell v. Hoge, 2 Hun, 308 ; Harbison v. Van Volkenburgh, 5 Id. 454 ; Miner v. Gardiner, 6 Sup’m Ct. (T. & C.) 343.
As to necessity of showing materiality, see Brooklyn Life Ins. Co. v. Pierce, 7 Hun, 236.

 See also Glenny v. Stedwell, 64 N. Y. and 1 Abb. N. C. 347, note.