# CITY COURT OF NEW YORK.

### ALFRED E. JAMES agt. FRANKLIN COXE, Jr.

*Discovery — Of certain correspondence calculated to prove or disprove the defense so as to determine its legal effect before trial is not allowable.*

A plaintiff cannot compel the discovery of correspondence in possession of the defendant, for the mere purpose of ascertaining in advance of the trial, whether such correspondence proves a modification of contract pleaded by the defendant and relied on by him as a defense to the action.

*General Term, December,* 1885.

*Before* McADAM, *C. J.,* HYATT *and* HALL, *JJ.*

APPEAL from an order directing a discovery.

*A. Kling,* for defendant and appellant.

*G. W. Van Slyck,* for plaintiff and respondent.

McADAM, *C. J.*—The action is on a written lease of certain apartments let for one year and four days from August 27, 1884, at the yearly rent of $1,800, payable monthly, in advance. The claim is for a balance of rent for the months of May, June, July and August, 1885. The defense is that in May, 1885, the lease was modified by a new agreement, by which the plaintiff was to receive sixty-three dollars per month to the termination of the lease, in lieu of the rent provided thereby, and that the defendant has satisfied all claims under the agreement as modified. The production of the lease proves the plaintiff's case, and the onus is immediately shifted on the defendant to prove the modification alleged. The plaintiff needs no discovery to establish his case, and the question is practically reduced to this — can he compel the defendant to produce certain correspondence calculated to prove or disprove the defense so that he may determine its legal effect before the trial?

In *Andrews* agt. *Townshend* (2 *Civ. Pro. R.*, 76), it was held that where the paper of which discovery is sought does not relate to maintaining the case of the one applying for it, no discovery or inspection can be had. To substantially the same effect are *Shoe and Leather R. Association* agt. *Bailey* (49 *N. Y. Super. Ct. R.*, 385), and *Mott* agt. *Consumers' Ice Co.* (2 *Abb. N. C.*, 143), and 2 *Tillinghast & Shearman's Prac.*, 211. In *Chapin* agt. *Thompson* (16 *Hun*, 53), the plaintiff sought to examine the defendant before trial, as to matters of defense pleaded, and the court held that an order will not be granted where the applicant only seeks to find out what the opposite party will swear to, so as to enable him to prepare to meet and overcome it. The language of that authority is applicable here, if the case is not. The plaintiff evidently seeks to discover what correspondence the defendant has, in order to determine in advance of the trial whether it proves the modification relied upon by the defendant in his defense. Discovery for such a purpose is not allowable under our rules of practice. It follows that the order allowing the discovery must be reversed, with costs.

HYATT and HALL, JJ., concurred.