# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

John P. Pynchon, use, etc.

*v.*

Albert M. Day *et al.*

*Filed at Ottawa May 15, 1886.*

1. PRODUCTION OF BOOKS OF ACCOUNT—*rights of parties to a suit— extent and limit of the right of inspection.* The statute authorizes the court, upon cause shown, and proper notice, to require either party to a suit to produce books or writings in his possession or power which contain evidence pertinent to the issue; but the court will not compel a party to submit for inspection his books of accounts with other persons not parties to the suit, when it is not made to appear that they contain evidence pertinent to the issues.

2. Where a party is required to produce his books of account for inspection, he will have leave to seal up and conceal all such parts of them as, according to his affidavit, previously made and filed, do not relate to the matters in question.

3. Prior to the trial of an action for the recovery of moneys placed in defendant's hands by the plaintiff, as margins in the purchase and sale of stocks by the defendant, as agent of plaintiff, the latter made a motion, supported by affidavit, for an order compelling the defendant to submit his books of account during the time of the dealing between the parties, to the plaintiff's inspection, etc. The court denied the motion, but made an order,

it appearing that all the accounts between the parties were embraced in a journal and ledger of defendant, to place them in the possession of the clerk of the court, and limited the inspection to certain pages containing the accounts involved, and gave the defendant liberty to seal up the remaining parts; and it appearing that the journal entries were so intermingled with other transactions as that an inspection of them would expose such outside matters, it was ordered that defendant present in court a verbatim copy of all the journal entries of all matters between the parties, giving the page where entered, such copy to be verified by affidavit, and the certificate of the clerk of the court, upon an actual examination and comparison, provided the plaintiff should so request: *Held,* that there was no error in the ruling of the court.

4. SETTLEMENT OF ACCOUNTS—*what to be so regarded.* Where a plaintiff receives, at the end of each month, a statement from the defendant, of his account, and at the close of the dealings accepts a check of defendant as the payment of the balance of the account, making at no time any complaint of the accounts, or intimating any mistakes or incorrectness in the several statements, the acceptance of the check must be taken as an adjustment of the account between the parties.

5. PRACTICE—*directing what the verdict shall be.* Where there is no evidence given tending to show a cause of action, so that a verdict for the plaintiff for *any* amount would have no evidence in its support, and would be set aside, on motion, without hesitation, the court may properly instruct the jury to find for the defendant.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for the appellant:

The court should have granted the motion of the plaintiff for the production and inspection of books. The relation of the parties,—that of principal and agent,—is a sacred one, so much so that the law exacts from the agent the most scrupulous obedience to the principal's will, and perfect good faith and fair dealing, and will tolerate no adverse interest in the agent. Ewell's Evans on Agency, 558, 361, 369, 461; *Francis* v. *Kerber,* 85 Ill. 190; *Greenby* v. *Webb,* 44 Mo. 444; *Cook* v. *Berlin Mills Co.* 43 Wis. 433; *Ruckman* v. *Burgholtz,* 37 N. J. L. 437; *Bain* v. *Brown,* 56 N. Y. 285; *Tynes* v.

*Grimstead,* 1 Tenn. Ch. 508; *Valtz* v. *Blockman,* 64 N. Y. 646; *Moody* v. *Smith,* 70 Ill. 598; *Andrews* v. *Life Ins. Co.* 92 N. Y. 596.

The principal has a common interest in the books and papers of his agent, and is entitled to a full inspection of them, wherein anything is contained throwing light upon the agent's transactions for him. 1 Hoffman's Ch. Pr. 310; *Cockburn* v. *Union Bank,* 13 La. Ann. 289; *Brevoort* v. *Warner,* 8 How. Pr. 325.

The defendants were bound to keep proper books of account, and memoranda giving a clear exposition of all their business for and with the plaintiff, for such books are kept not only for the agent's benefit, but for the principal's. Ewell's Evans on Agency, 358, and notes 361, 369; *Oldershaw* v. *Knowles,* 101 Ill. 117; *Peterson* v. *Poignard,* 8 B. Mon. 309.

If the books do not show everything, and are not well kept, that fact alone, which appears by a general inspection, is evidence against the agent, and if they show only that, they therein contain "evidence pertinent to the issue." *Linen Co.* v. *Hough,* 97 Ill. 629; *Lowenthal* v. *McCormick,* 101 id. 150.

As to the right to have books produced for inspection, and the proper practice governing, we refer to the following other authorities: *Garrick* v. *Chamberlain,* 97 Ill. 629; *Lefferts* v. *Brampton,* 24 How. 257; *Heinsler* v. *Friedman,* 2 Pars. Sel. Cases, 274; *United States* v. *Babcock,* 3 Dillon, 566; *Ex parte Brown,* 72 Mo. 83; *Litting* v. *Easton,* 18 C. B. 643; *Field* v. *Zemanski,* 9 Bradw. 479; *Powers* v. *Elmerdorf,* 4 How. Pr. 59; 3 Greenleaf on Evidence, sec. 304; *Exchange Bank* v. *Montieth,* 4 How. Pr. 280; *Low* v. *Graydon,* 14 Abb. Pr. 443; *Thompson* v. *Railway Co.* 9 Abb. (N. S.) 212; *Morrison* v. *Sturgis,* 26 How. Pr. 178; *Central Nat. Bank* v. *Clark,* 34 N. Y. 490; *Central Nat. Bank* v. *White,* 37 N. Y. 305; *Livingston* v. *Curtis,* 12 Hun, 124.

The court below erred in withdrawing from the jury the consideration of the facts in the case. *Railroad Co.* v. *Sykes,*

96 Ill. 176; *Holmes* v. *Railroad Co.* 94 id. 444; *Frazer* v. *Howe,* 106 id. 173; *Stevens* v. *Snyder,* 8 Bradw. 336.

Messrs. PADDOCK & ALDIS, and Mr. FREDERIC ULLMANN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of affirmance by the Appellate Court for the First District, of a judgment of the Superior Court of Cook county, in favor of the defendants, in an action of assumpsit, brought by Pynchon, against Day and another, for the recovery of moneys placed in the hands of the latter by the former, as margins, or security, in the purchase and sale of stocks and bonds by the defendants, as the agents and brokers of the plaintiff.

Two certain rulings of the Superior Court, on motions made by the plaintiff, prior to the trial, for the production and examination of books, are assigned for error. The first motion, supported by affidavit, was for an order on the defendants to produce before the court, for the examination and inspection of the plaintiff and his attorney, and that they be allowed to inspect the same, the books of account kept by defendants during their dealings with the plaintiff, showing all their dealings in stocks and bonds during that period, and the names of the different persons for whom defendants, during that period, bought and sold stocks and bonds of the kind claimed to have been bought and sold for plaintiff, the amount and kind thereof, and the persons from and to whom they were bought and sold. The court denied the motion, but of its own motion made an order, that, it appearing to the court that all the accounts relating to the transactions between the plaintiff and defendants were embraced in a journal and ledger of defendants, it was ordered that those books be produced in court and placed in the possession of the clerk of the court; and it further appearing that all of

the ledger entries pertinent and proper to be examined by the plaintiff were to be found upon five named pages, it was ordered that the examination and inspection by the plaintiff be restricted to those pages, and that the defendants be at liberty to seal up the remaining portions of the ledger; and it appearing that the journal entries of said transactions were so intermingled upon each page with entries of transactions between the defendants and persons other than the plaintiff, that an inspection of those pages would necessarily expose such outside transactions, it was ordered that the defendants be permitted to present in court, for the use of the plaintiff, and in lieu of inspection of original entries, a verbatim copy of all the journal entries of all matters and transactions between plaintiff and defendants, showing pages where entered,—the copy to be verified by the affidavit of the defendants, or one of them, and to be further verified by certificate of the clerk of the court, upon actual examination and comparison with the original entries, provided the plaintiff or his attorney should so request. A subsequent motion was made by the plaintiff for an order on the defendants to produce before the court, for the like examination and inspection of plaintiff and his attorney, and that they be allowed to inspect the same, all books of account kept by the defendants containing all accounts of the purchases and sales of stocks like those claimed to have been bought and sold by the defendants, which they made through their agents, Lapsley, Field & Co., in New York, and during the period of defendants' dealings with the plaintiff; also, all of the account of defendants with said firm of Lapsley, Field & Co. This motion the court refused to grant, but of its own motion did order as follows: that the account book containing the account of the defendants with Lapsley, Field & Co., having been produced in court, and it appearing, by affidavit and by an inspection of said account, that it contains items and entries relating to transactions between the defendants and

parties other than the plaintiff, and in nowise connected with the transactions between plaintiff and defendants, it was ordered that the defendants, under the direction of the clerk of the court, be at liberty to seal or cover the names of such parties other than the plaintiff, as they appear in said account, and that thereupon the plaintiff, or his attorney, have full liberty to inspect said entire account, except the names so sealed or covered, and to take copies thereof.

The provision of our statute is: "The several courts shall have power, in any action pending before them, upon notice, and good and sufficient cause shown, and reasonable notice thereof given, to require the parties, or either of them, to produce books or writings in their possession or power, which contain evidence pertinent to the issue." There was here full liberty given for the examination and inspection of all accounts pertaining to transactions between plaintiff and the defendants, the refusal only being to allow the examination and inspection of the accounts which appellees kept with their other customers. Certainly, ordinarily, the accounts with other persons would be entirely immaterial, and would not contain evidence pertinent to the issue; but in this special case appellant's counsel contends that it would be otherwise, and that appellant's stock dealings with other persons would be material, and contain evidence pertinent to the issue. An affidavit was submitted, to the effect that if appellees' books were properly kept, it could be verified or disproved by them whether the statements in the personal account of plaintiff were true or not; that in order thereto, it would be necessary to inspect appellees' accounts with all their customers during the period of appellees' dealing with appellant, and that certain necessary facts should be shown by the books, among them being the total amounts of stocks, like those bought and sold for appellant, which appellees, on each day during the time of such dealing, bought and sold, with names of persons from and to whom the same were bought and sold, and the

numbers and amounts of the several certificates for such stock. It was made to appear that the stocks in question, as is the usage with stock brokers in Chicago, were bought and sold by appellees, through their agents in New York, on the New York exchange; that the books of appellees do not, and the books of stock brokers in Chicago, as customarily kept, would not, show some of the said facts said to be needful for testing the accuracy of appellant's personal account, and that they can only be shown by the books of the New York correspondent. It seems, therefore, that in this case the inspection of appellees' accounts with other persons would not serve the purpose of determining as to the correctness of appellant's account, and that for the court to have gone further than it did, in its ruling, and to the extent asked by appellant, would have been but a needless exposure of appellees' transactions with their other customers.

The court's action was in conformity with the authorized practice in respect of the production of books generally. In 3 Greenleaf on Evidence, sec. 301, it is laid down: "And where books are to be produced, the defendant will have leave to seal up and conceal all such parts of them as, according to his affidavit previously made and filed, do not relate to the matters in question." In *Diaz* v. *Merrill*, 2 Paige, 494, the court say: "While the course of judicial investigation frequently requires a party to produce parts of his books in which the adverse party has an interest, for the inspection of the latter, it may frequently be of great importance to the former that his accounts and transactions with other persons should not be exposed to the examination of strangers, and particularly of an enraged adversary. Where his books are subjected to inspection, it is the uniform practice of the court to permit a party to seal up those parts which do not relate to the subject of litigation." In *Girard* v. *Penswick*, 1 Swanst. 533, an agent had books of account which contained some accounts relating to his agency, and others relating to

his own private business, and the order was, that the defendant should leave the books with his clerk in court, sealing up those parts which did not concern the plaintiff, and pledging himself by oath that he had sealed up those parts only.

We can not say that there was anything erroneous in the court's mode of exercise of its power in respect of the production of books for examination and inspection.

Upon the plaintiff resting his case, the court, on motion of the defendants' attorneys, instructed the jury to find a verdict for the defendants, which the jury did. This is assigned for error. The evidence for the plaintiff was that of the witness Day, one of the defendants, called for the plaintiff, who testified to the amount received from the plaintiff as $19,166.99. He was followed by the plaintiff, called on his own behalf, who testified that of the money he had paid to defendants, he had received from them $9011.01; that what they owed him, the difference between the amount paid them and the amount received, was $10,390.98. On cross-examination he stated that he had advanced to the defendants on stock transactions, $19,000 and something, that he had got back $9011.01, so that his losses were $10,398; that defendants had rendered him statements of the purchase and sale of stocks as they were severally made, and monthly statements of account, each month; that when the account was finally closed, there was a balance shown to be due plaintiff, by defendants' books, somewhere about $2511.01; that defendants gave him the two checks shown him, for the payment of $2511.01, dated, respectively, October 1, 1881, and October 5, 1881, to balance the account, they claiming it was all they owed him; that the account of defendants was not before him at the time. As thus appears, the plaintiff stated that the difference between what he had advanced to the defendants and what he had received back, was his losses; that he received a statement of every purchase and sale as it was made, and a monthly statement of account, each month; that

at the close of the dealing he received a check as the payment to him of the balance of the account. With all this, as not being correct, no complaint or sign of dissatisfaction ever appeared, nor does now appear, the plaintiff himself testifying; nor is there the intimation of any mistake or incorrectness. Surely, under such circumstances, the acceptance of the check as the payment of the balance due upon the account, must be taken as an adjustment of it.

There was not evidence tending to show a cause of action. To have rendered a verdict for the plaintiff for any amount, would have been mere guess work,—there would have been no evidence to base it upon. Any verdict for the plaintiff must have been, on motion, instantly set aside by the court, without hesitation.

Some other points have been made by appellant's counsel, which we have considered, but regard as without merit.

Finding no error in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*