## KELLY *v.* LEVY.

*(City Court of New York, General Term.* February 26, 1890.)

WITNESS—PHYSICIAN'S BOOKS OF ACCOUNTS—SUPPLEMENTARY PROCEEDINGS.

A physician examined as a judgment debtor in supplementary proceedings cannot be required to deliver up to the receiver his original books of account, containing information received while attending his patients, showing the nature of their maladies, under Code Civil Proc. N. Y. § 834, forbidding physicians to make such disclosures; a list of the accounts having been already furnished the receiver.

Appeal from special term.

The defendant was examined as a judgment debtor in supplementary proceedings; and on the examination it appeared that his books of account showed that certain persons were indebted to him for professional services, as a physician, in sums aggregating $543.50. A list of the accounts is inserted in the testimony. A receiver was appointed, and made demand on the defendant for the original books of account. The defendant declined to give up his books, on the ground that they contained information received by him in the course of his attendance upon his patients, showing the nature of their maladies; that the information was necessary to enable him to prescribe for said patients, and he did not desire strangers to ascertain the nature of the diseases his patients had been treated for. The receiver appeals from an order denying his application to compel the defendant to deliver up the books.

Argued before McADAM, C. J., and EHRLICH, J.

*O. F. Hibbard,* for appellant.    *I. Grayhead,* for respondent.

PER CURIAM.  By the order appointing the receiver, the latter acquired title to the accounts.   He has a list of the debtors, with the amounts they owe. Is he entitled to the books as well?   This is the question to be decided.   In the complicated affairs and relations of life, the counsel and assistance of clergymen, physicians, surgeons, and those learned in the law, often become necessary; and, to obtain it, men and women are frequently forced to make disclosures which their welfare, and sometimes their lives, make it necessary to be kept secret.   Hence, for the benefit and protection of the confessor, patient, or client, the law places the seal of secrecy upon all communications made to those holding confidential relations, and the courts are prohibited from compelling a disclosure of such secrets.   The safety of society demands the enforcement of this rule.   The law forbidding physicians to make such disclosures will be found in 2 Rev. St. p. 406, § 73, afterwards incorporated in section 834 of the Code.   These provisions were passed for the protection of the patient; and a physician will not be permitted, without the consent of the former, to disclose professional information acquired in a relation properly denominated one of strict confidence.   In *Mott* v. *Ice Co.,* 2 Abb. N. C. 143, it was held that a physician's account-books, containing information which would be privileged as concerns his patients, are not subject to discovery and inspection in an action between the physician and a third person.   The receiver may sue upon any of the accounts in his hands, and may subpœna the judgment debtor as a witness, and require him to produce his books; and the question as to what extent he may be allowed to disclose the information acquired by him professionally may be intelligently decided when the inquiry arises.   The order denying the motion to compel the judgment debtor to deliver over his books of account was properly made, and must be affirmed, but, as the appeal is by the receiver, without costs.