## Patrick Keating v. Cornell Brothers.

1. SETTLEMENT OF ACCOUNTS—*Monthly Settlement.*—The following form was sent out at the end of the month by the defendant: "For February, 1900, milk, paid March 15, 1900, by check, $228.97; by butter $1.30; making a total of $230.27." Similar statements were issued for six successive months; payments were made and accepted each month for milk delivered the preceding month. *Held,* that the course pursued tended to show a settlement for the milk each month.

2. PRACTICE—*Where Cross-examination Shows the Estimate of a Witness in Chief to be upon an Erroneous Basis.*—Where cross-examination shows the estimate of the witness in chief to be upon an erroneous basis, it is not error to exclude such statement.

Assumpsit.—Appeal from the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902. Rehearing denied October 9, 1902.

V. S. LUMLEY and C. P. BARNES, attorneys for appellant.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Keating began this suit against Cornell Brothers before a justice of the peace. The transcript of the justice thus states plaintiff's claim:

"Plaintiff claims of defendants $200 for a difference in the price of milk paid him for the months of November and December, 1899, and January, February, March and April, 1900; said milk having been furnished or delivered them at their factory in the village of Huntley, McHenry County, Illinois. One dairy sold them on contract, and one dairy on the dividend test plan."

Defeated before the justice, plaintiff appealed to the Circuit Court. On trial there, the parties stipulated the number of pounds of milk plaintiff delivered to defendants in each of said six months, and the sums defendants paid plaintiff on said milk for each of said six months. Plaintiff then called several witnesses who testified in chief that they produced and sold milk in that locality, and knew the market price of milk delivered in Huntley during each of said six

Keating v. Cornell Brothers.

months, and they stated said market price, which was higher than plaintiff had been paid. On cross-examination it appeared that defendants bought milk from milk producers in that vicinity on contracts made in advance, covering six months; that in such contracts the price to be paid for milk in each of said six months was fixed in advance; the producer bound himself to deliver his milk to defendants for the six months at those prices, and defendants bound themselves to take the milk of such parties for such period and pay those prices; that various other producers shipped milk at that station to Chicago dealers under like six months contracts; and that these witnesses had no knowledge of the market price of milk at Huntley, except the price so fixed in advance by contract. The court excluded the testimony of these witnesses. It is argued that as they stated on direct examination that they knew the market price, and gave it, their testimony should not have been excluded, but it should have gone to the jury, and the facts brought out on the cross-examination should have been allowed such effect as the jury deemed proper.

It is manifest that the prices at which parties would bind themselves in advance to deliver and receive milk where both parties were bound for six months, would not establish the market price for one who delivered and one who bought milk on any particular day or month in said six months, where the seller was not bound to bring his milk there at all, but could sell it elsewhere whenever he chose, or thought it more profitable to do so, and where the buyer could refuse to receive the milk whenever he chose or thought it more profitable. Proof of the price at which parties were willing to contract in advance for six months did not tend to establish what the market price afterward became on any particular day or month during said six months. It only showed the judgment the contracting parties formed in advance as to what it would be worth, and that, too, not for any single day, but where each party would have the other party bound for six months and could make his arrangements for that period in reliance

upon the contract. This was not a case where the testimony of the witnesses was merely weakened on cross-examination, but where the cross-examination showed the estimate stated in the direct examination was based upon an erroneous foundation. The ruling of the court was proper, under the principles laid down in City of Chicago v. Spoor, 190 Ill. 340. Plaintiff did not attempt to show at what price parties sold milk in bulk in Huntley during those six months, where no contract had been made in advance, nor did he show no such sales were made. The fact that certain witnesses who were delivering exclusively by contract, did not know of a market price outside of a contract, did not establish that milk was not sold in bulk by parties who had made no contract, nor did it show there was no market price at Huntley for milk so delivered. What plaintiff actually received for the milk he delivered from month to month tended to show that was the market price.

One witness testified he thought milk was peddled around to the houses in Huntley at six cents a quart. This testimony was also excluded. Huntley was a small village and the price at which a small quantity of milk could be peddled to families there would not fix the market price for the large quantities which plaintiff did not peddle, but delivered in bulk at defendant's factory. Plaintiff's proof also showed that a practice prevailed there of delivering milk to defendants, which defendants would make into butter and afterward pay its butter value, but did not show that this milk was delivered under such an arrangement, nor what it would have brought if made into butter.

The stipulation showed that on the 15th of each month defendants paid plaintiff, and plaintiff received from them, a certain sum for the milk delivered in the preceding month. The stipulation was not merely that the payments were " on account of milk so delivered," but it was also stipulated that " plaintiff received from the defendants on said milk the following sums of money for each month." The payments for each month were also itemized. The following is the

Keating v. Cornell Brothers.

form used for each of the first three months: "For the month of November, 1899, paid December 15, 1899, by check $182.92; by butter $9.66; making a total of $192.58." The following is the form used for each of the last three months: "For February, 1900, milk, paid March 15, 1900, by check $228.97; by butter $1.30; making a total of $230.27." This tended to show a settlement for the milk each month. Pynchon v. Day, 118 Ill. 9. Plaintiff did not offer any proof to the contrary. He did not testify. He did not show whether he delivered the milk partly under a contract, and partly under the dividend test plan, as claimed by him before the justice, or whether he delivered it without any agreement or arrangement whatever, except that implied by law in such a case. He did not show that the several payments were not paid and received in full for the milk for the preceding month. When he received a certain sum for the milk delivered in the preceding month, and continued thereafter to deliver milk to defendants, it tended to show he was satisfied with the price paid him. The stipulation does not warrant the conclusion that an unsettled balance was left unpaid each month, or that the parties so understood or intended. There is nothing to explain why they would make payments on the December and January milk without paying the balance left unpaid for November milk, if there was such a balance. In the absence of proof it is not reasonable to suppose the parties did so. This appears to be an effort by plaintiff, after having received from month to month, without question, what defendants were willing to pay him and he was then willing to receive, to now collect what he could have contracted his milk for in advance, if he had been willing to bind himself for six months.

We conclude the trial court did not err in instructing the jury to find for defendants at the close of plaintiff's proof.

The judgment is affirmed.